OPINION AND JOURNAL ENTRY
{¶ 1} This matter presents a timely appeal from a January 9, 2008 order of the Common Pleas Court dissolving an ex parte restraining order, denying appellant's request for injunctive relief to prevent Ohio Edison from entering onto appellant's property to cut down certain trees and vegetation within its easement and setting the matter for further proceedings.
 {¶ 2} On February 26, 2008 appellee filed a motion to dismiss on the grounds that the order appealed is not a final order as defined by R.C.2505.02 nor does it contain no just reason for delay language required by Civ.R. 54(B) to arguably make it subject to immediate review.
 {¶ 3} Appellant responded on March 20, 2008 that the denial of the preliminary injunction was a final order as it was a provisional remedy, that a substantial property right was affected and that no other meaningful or effective remedy was available since the complaint sought only one form of relief: to enjoin Ohio Edison from entering appellant's property and removing his trees.
 {¶ 4} Ohio Edison replied on April 1, 2008 that appellant is in error since his complaint also requested compensatory damages. Moreover, the issue is now moot since Ohio Edison had entered the property and cut down the trees and vegetation "in order to maintain the five year tree trimming clearance cycle around the transmission line."
 {¶ 5} Appellee is correct that appellant prayed for compensatory damages in his prayer for relief. Although the prayer for injunctive relief sought to prevent Ohio Edison from entering the property, the prayer for damages presupposes that Ohio Edison entered the property and trimmed the trees and vegetation. Consequently, the claim for damages has not been resolved.
 {¶ 6} In addition, the order appealed clearly evidences that the trial court anticipated further proceedings at the trial court level. It scheduled the matter for a phone conference on May 5, 2008.
 {¶ 7} On consideration of appellee's motion to dismiss and appellant's response thereto, we find that the order appealed is not a final order as defined by *Page 3 
R.C. 2505.02, since the main issue of the appeal is moot and a claim for damages remains pending. Motion to dismiss is sustained. Appeal dismissed.
 {¶ 8} Costs taxed against appellant.
 {¶ 9} Final order. Clerk to serve a copy on counsel and Judge C. Ashley Pike.
Donofrio, J. concurs.
Waite, J. concurs.
 DeGenaro, P.J. concurs. *Page 1